NATIONAL SURETY CO. et al. v. WASHINGTON IRON WORKS et al.

UNITED STATES, for Use and Benefit of WASHINGTON IRON WORKS v. PEDERSON et al.

(District Court, W. D. Washington, N. D.   February 28, 1917.)

Nos. 114, 117.

1. COURTS ⬥302—FEDERAL COURTS—JURISDICTION—CITIZENSHIP OF PARTIES.
    One, contracting with the government to furnish certain machinery for a public improvement, contracted with the W. Company to furnish such machinery. The contract had been performed, but the government was withholding from the final payment about $10,000 of the contract price, because, as alleged, of the failure, neglect, and dereliction of the W. Company. The contractor and his surety brought suit against the United States and the W. Company, alleging that the amount deducted on account of the dereliction of the W. Company was $5,411.83; that the contractor in like manner withheld such payment from the W. Company; that such company refused to recognize the right to make such deduction, and was threatening to sue the contractor and his surety; that, if it had any just claims against them, the contractors had the same claim against the United States; and that it was necessary to have a full accounting between the contractor, the W. Company, and the United States. It prayed that all matters in controversy should be heard, settled, and fixed, and that, if it was adjudicated that the retention of such sum by the government was justified, then that the contractor have judgment against the W. Company for the sum so retained and withheld, and his damages in addition. *Held*, that the relation between the contractor and the W. Company was an independent relation, to which the United States was a stranger, and, they being citizens of the same state, the court was without jurisdiction, under Judicial Code (Act March 3, 1911, c. 231) § 24, 36 Stat. 1091 (Comp. St. 1916, § 991).
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 843, 986.]

2. UNITED STATES ⬥74—CONTRACTOR'S BONDS—RIGHT OF ACTION BY SURETY.
    There was a misjoinder of parties plaintiff, as the surety had no cause of action against either defendant.
    [Ed. Note.—For other cases, see United States, Cent. Dig. § 57.]

3. UNITED STATES ⬥74—CONTRACTS—ACTION BY CONTRACTOR—PARTIES.
    There was a misjoinder of parties defendant, as there was no joint liability between defendants.
    [Ed. Note.—For other cases, see United States, Cent. Dig. § 57.]

4. ACTION ⬥50(5)—JOINDER OF CAUSES—ACTIONS ON CONTRACT.
    There was also a misjoinder of causes of action, as plaintiff was asserting a claim against the W. Company for $5,411.83, and one against the United States for the difference between that sum and $10,000.
    [Ed. Note.—For other cases, see Action, Cent. Dig. § 529.]

5. COURTS ⬥262(2)—EQUITY JURISDICTION OF FEDERAL COURTS—EFFECT OF REMEDY AT LAW.
    Both asserted claims were legal rights, and, as it did not appear that plaintiff had no plain, adequate, and complete remedy at law, equity had

no jurisdiction, under Rev. St. § 723 (Comp. St. 1916, § 1244), providing that suits in equity shall not be sustained in the courts of the United States, where a plain, adequate, and complete remedy may be had at law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798.]

**6.** ACTION ☞22—NATURE—LEGAL OR EQUITABLE ACTION.

Under Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1916, § 6923), requiring government contractors to give a bond, and authorizing persons supplying the contractor with labor and materials to sue thereon in the name of the United States, and providing that only one action shall be brought, and any creditor may file his claim therein and be made a party thereto, the suit is one in equity.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–139, 143, 145.]

In Equity. Suit by the National Surety Company and another against the Washington Iron Works and another, with a suit in the name of the United States, for the use and benefit of the Washington Iron Works, against Hans Pederson and another. On motion by defendants in the first action to dismiss, and motion by the defendants in the second action for a stay and an abatement. Motion to dismiss granted; motion to stay and abate denied.

Roberts, Wilson & Skeel, of Seattle, Wash., for National Surety Co. and Hans Pederson.

Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for Washington Iron Works.

Clay Allen, U. S. Dist. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge. These actions involve the same subject-matter, and the motions were submitted together. The plaintiff Surety Company, a nonresident, and plaintiff Pederson, a resident, have commenced an action (No. 114) in equity against the Washington Iron Works, a resident corporation, and the United States, and allege, in substance, that in September, 1914, Pederson agreed to furnish to the United States certain machinery, etc., for the Lake Washington Canal, a public improvement; that the Surety Company became a surety for the use and benefit of all persons furnishing labor, etc.; that Pederson secured the Washington Iron Works to furnish "said machinery," etc., "as shown by specifications, * * * and as fully itemized and set forth in said written agreement between Hans Pederson and Washington Iron Works"; that the contract between plaintiff Pederson and the United States has been fully performed and accepted by the United States, and certified as completed on the 25th day of June, 1916; that the United States withheld from the plaintiff Pederson from the final payment a sum amounting to the sum of "about $10,000" of the contract price, which fund is still withheld and in the possession of the United States under "a claim of right to withhold the same, the said United States having asserted and is now asserting its right to lawfully and justly withhold and retain said fund from the plaintiff Pederson, and to retain and withhold the same for the use and benefit of the United States, and has declined and declines to distribute said fund, or any part thereof, either to Hans Pederson, or his

creditors, or claimants to said fund"; that the same was withheld because, it is alleged, of the failure, neglect, and dereliction upon the part of the defendant Washington Iron Works; that the amount deducted on account of the dereliction on the part of the Washington Iron Works is $5,411.83; that Pederson in like manner withheld said payment from the Washington Iron Works; that the Washington Iron Works refuses to recognize the right of the United States to make said deductions, and is threatening to institute an action at law against the said Pederson and his bond for the recovery; that, if the defendant Washington Iron Works has any just or valid claims against the plaintiffs for and on account of the moneys withheld by the United States, then the plaintiff Pederson has by right in equity the same lawful claim against the United States for any and all such amounts; that it is necessary, in order that justice and equity may be done to all parties, that a full, true, and correct accounting be had between the plaintiff, the defendant Washington Iron Works, and the United States, and a prayer for judgment is then made:

"That all matters in controversy * * * shall be fully heard, * * * and the rights and liabilities of the various and respective parties on account thereof * * * settled and fixed, and that a full, true, and correct accounting be had, * * * and judgment rendered and entered in accordance therewith, and that, if finding shall be made that the United States was * * * entitled to retain * * * the fund by it retained, it be held and adjudicated that said retention was justified through the fault and neglect of the defendant Washington Iron Works, and that this plaintiff, Hans Pederson, have judgment against the Washington Iron Works for all such sums so retained and withheld, and in addition thereto, his damages in the sum of $7,000. * * * "

The defendants, United States and Washington Iron Works, have severally moved to dismiss on the ground that the court is without jurisdiction, and that the plaintiff does not state a cause for equitable relief.

[1] A reading of the complaint discloses that the contention is primarily between Hans Pederson and the Washington Iron Works, both residents of the state of Washington, and as between these litigants this court is without jurisdiction. The primary cause of the litigation is a fund of money in the possession of the United States, a balance alleged to be due on a contract for a public improvement of Lake Washington Canal; the deduction being made from the contract price between the United States and Pederson. It is alleged by Pederson that the default, if any, is due to the Washington Iron Works, who assumed the burdens of the contract between Pederson and the United States, to which contract the United States is not a party. No judgment is prayed against the United States directly in this proceeding, but it is sought to have the court examine into the entire matter and to adjudicate between the respective parties as the right may appear. It is manifest that the relation between Pederson and the Washington Iron Works is an independent relation, to which the United States is a stranger. They being citizens of the state, the court is without jurisdiction. 1 U. S. Comp. Stat. 1916, § 991; Judicial Code, § 24.

[2-5] I think it is likewise apparent that there is a misjoinder of parties plaintiff, as well as parties defendant. The National Surety Company has no cause of action against the defendant Washington

Iron Works or the United States; nor is there a joint liability by the defendants. There is likewise a misjoinder of causes of action. The plaintiff asserts a claim against the Washington Iron Works of $5,411.-83, and one against the United States for the difference between this sum and $10,000. Both asserted claims are legal rights, and it does not appear that the plaintiff has not a plain, adequate, and complete remedy at law. Section 723, Rev. Stat. U. S. (Comp. St. 1916, § 1244), pro-vides:

"Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

Following the commencement of this action, the Washington Iron Works, in the name of the United States, for its use and benefit, com-menced an action (No. 117) against Hans Pederson and the National Surety Company, for $11,281.53, alleging the furnishing of labor, ma-chinery, and material for the Lake Washington locks, on which there is an unpaid balance due in said amount, and caused notice to be given pursuant to Act Feb. 24, 1905, in which provision is made for bonds of contractors for public works, and it is provided that any person en-tering into a contract with the United States for the construction of any public work shall execute a bond, with surety, etc., and giving a party, six months after the completion and final settlement of said work, "a right of action and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States of the district in which said contract was to be perform-ed and executed * * * for his or their use and benefit, against such contractor and its sureties, and to prosecute the same to final judg-ment and execution." Upon the filing of this complaint, order was en-tered directing notice, pursuant to the provisions of this act, to credi-tors.

Hans Pederson and the National Surety Company have filed a "mo-tion for stay and a plea in abatement," praying "an order staying this proceeding until a hearing can be had" upon the issues tendered in an equity proceeding, cause No. 114, and that upon a hearing this action be abated. The Surety Company and Hans Pederson rely upon Illi-nois Surety Company v. United States, 212 Fed. 136, 129 C. C. A. 584. I do not think that this case helps the plaintiffs in the equity (No. 114) proceeding. The Illinois Surety Company Case, as the Washington Iron Works Case, was predicated upon the act of 1905, supra, and not upon an original equitable proceeding. The only point decided in that case was whether the proceeding under this act of Congress was a proceeding in equity or an action at law. The Illinois Surety Company contended that the complaints were in equity, and not at law, and the trial court overruled its objection. The Court of Appeals (212 Fed. at page 139, 129 C. C. A. at page 587) said:

"We see in this amendment an intent on the part of Congress to substitute, for a number of independent actions at law, in which vigilant had a priority over nonvigilant creditors, a suit in which all creditors shall be given notice and an opportunity to intervene and share ratably in a fund intended for the equal protection of all. This provision, which is not adapted to, nor in-deed available in, actions at law, distinctly marks the proceeding as equitable"

—and reversed the trial court.

[6] The proceeding on the bond in the name of the United States is a proceeding in equity (Ill. Surety Co. v. U. S., supra), expressly authorized by act of Congress of 1905, supra. It is designed to afford a speedy remedy for all parties. The United States has no liability or responsibility, except as fixed by the contract. It recognizes no subcontractors. There is no privity between subcontractors and the United States. The primary liability to the United States is by Pederson; the primary liability from the United States is to Pederson; the liability to subcontractors is from Pederson and the plaintiff bonding company; and special statutory provision having been made for the issue which is here presented, and the court being without jurisdiction, and a misjoinder of parties and causes of action appearing in cause No. 114, the motion to dismiss will be granted, and the motion to stay and abate the proceedings denied.